552 A.2d 1183

## The City of Scranton, Petitioner *v.* Workmen's Compensation Appeal Board (Stone), Respondents

Submitted on briefs October 25, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Gregory D. Geiss, Dougherty, Mundy & Leventhal,* for petitioner.

*Joseph P. Lenahan,* for respondent.

OPINION BY SENIOR JUDGE NARICK, February 2, 1989:

This is an appeal by the City of Scranton (Employer) from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision denying Employer's petition for modification of workmen's compensation benefits with respect to Frank Stone (Claimant). We affirm.

Claimant at all times relevant herein was employed as a firefighter for Employer. On September 27, 1985, Claimant sustained a work-related injury and thereafter began receiving wages in lieu of compensation in the amount of $441.11. Claimant received wages in lieu of compensation for one year after his injury or until September 27, 1986. After that date, Claimant began receiving compensation benefits at a rate of $294.07 per week. On April 16, 1986, Claimant's disability was reduced to a partial disability. In April, June and August of 1986, Employer provided Claimant with referrals to then open jobs. Claimant never followed through on these job referrals.

The referee denied Employer's petition for modification concluding that Employer failed to show a job was available to Claimant on or after September 27, 1986, the expiration date of the wages in lieu of compensation

received by Claimant from Employer. The Board affirmed the referee.[1]

Employer contends on appeal that Claimant's salary and pension would not have been jeopardized by Claimant's application for or acceptance of other employment during this period whereby Employer paid Claimant wages in lieu of compensation; and therefore, Employer's petition should have been granted.[2] Claimant counters that between April 1986 and August 1986 he was still an employee receiving wages in lieu of compensation and that acceptance of this employment would have jeopardized his salary and pension.[3]

Notwithstanding the arguments presented by both parties herein we believe the referee and Board acted properly as a matter of law in denying Employer's petition for modification of benefits.[4] In the spring and summer of 1986 at the time these job referrals were brought to Claimant's attention, he was *not* receiving workmen's compensation benefits. Rather, Claimant was receiving wages in lieu of compensation. Thus, there

---

[1] The Board in affirming the referee cites to the Act of June 28, 1935, P.L. 477, Section 1, *as amended,* 53 P.S. §637(a) (Supp. 1987-1988). However, because the parties do not raise Section 637 on appeal before this Court, we will not discuss it.

[2] The referee found that Claimant's pension had fully vested as of September 27, 1985.

[3] In reviewing the Board's decision herein our scope of review is confined to a determination of whether there has been a constitutional violation or an error of law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *see Blue Bell Printing v. Workmen's Compensation Appeal Board (Montgomery Publishing Co.),* 115 Pa. Commonwealth Ct. 203, 539 A.2d 933 (1988).

[4] This Court has held that when an administrative agency assigns an erroneous reason to a correct decision and the record clearly shows the correct basis for that decision, we will affirm. *Haney v. Workmen's Compensation Appeal Board (Patterson-Kelley),* 65 Pa. Commonwealth Ct. 461, 442 A.2d 1223 (1982).

could be no modification of benefits until Claimant actually began receiving benefits. Stated another way, there could be no modification of benefits until on or after September 27, 1986. Because Employer failed to show that these jobs were available on or after September 27, 1986, the modification petition was properly denied.

The order of the Board is affirmed.

ORDER

AND NOW, this 2nd day of February, 1989, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.