560 A.2d 937

**CITY OF SCRANTON, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (WALSH), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 11, 1989.

Decided June 26, 1989.

Gregory D. Geiss, Dougherty, Mundy, Leventhal & Price, Honesdale, for petitioner.

George W. Teets, Moscow, for respondents.

Before CRUMLISH, Jr., President Judge, COLINS, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

The City of Scranton (Employer) has appealed from a decision of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision denying Employer's petition for modification with respect to Donald Walsh (Claimant). We affirm.

Claimant was employed as a fire fighter for Employer. On February 15, 1986, while in the course of his employment, Claimant sustained a work-related injury and thereafter received his full salary of $504.04 per week in lieu of compensation.[1] Claimant received his full salary until December 26, 1986, the date whereby he retired and went on pension. At this time, he also began receiving workmen's compensation benefits at a rate of $336.00 per week. During the period July 31, 1986 through October 9, 1986, while Claimant was still receiving wages in lieu of compensation, Employer provided Claimant with referrals to then open jobs. Claimant did not pursue these job referrals because he was advised by Employer's Fire Superintendent that if he accepted employment while on sick leave, he would lose his salary.

The referee denied the petition for modification on the basis Employer failed to establish as a matter of law that a

---

[1]. Claimant's receipt of wages in lieu of compensation was pursuant to the Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. § 637 (Supp. 1988–1989) which is often referred to as the Heart and Lung Act. *See Serge v. City of Scranton*, 108 Pa.Commonwealth Ct. 488, 529 A.2d 1191 (1987).

job was available to Claimant because the fact Claimant would lose his salary if he accepted these other jobs rendered them unacceptable. The Board affirmed the referee.[2]

On appeal, the sole question presented for our resolution is whether the Board erred in affirming the referee's denial of Employer's modification petition.[3]

Apposite to the matter herein is this Court's recent decision in *City of Scranton v. Workmen's Compensation Appeal Board (Stone)*, 123 Pa.Commonwealth Ct. 310, 552 A.2d 1183 (1989). In *Stone*, the claimant, while receiving wages in lieu of compensation, was provided with referrals to then open jobs. In *Stone*, this Court stated:

Notwithstanding the arguments presented by both parties herein we believe the referee and Board acted properly as a matter of law in denying Employer's petition for modification of benefits. In the spring and summer of 1986 at the time these job referrals were brought to Claimant's attention, he was *not* receiving workmen's compensation benefits. Rather, Claimant was receiving wages in lieu of compensation. Thus, there could be no modification of benefits until Claimant actually began receiving benefits. Stated another way, there could be no modification of benefits until on or after September 27, 1986. Because Employer failed to show that these jobs were available on or after September 27, 1986, the modification petition was properly denied.

*Id.*, 123 Pa.Commonwealth Ct. at 312–313, 552 A.2d at 1184 (footnote omitted) (emphasis in original).

**2.** Both the Board and the referee relied on *Fledderman v. Workmen's Compensation Appeal Board (Stackpole Carbon Corp.)*, 93 Pa.Commonwealth Ct. 44, 500 A.2d 215 (1985) which held that although certain jobs were available to the claimant the penalties for acceptance (loss of job status and seniority) rendered them unacceptable.

**3.** In reviewing the Board's decision, we are mindful that our scope of review is a narrow one in that we are confined to a determination of whether there has been a violation of constitutional rights or an error of law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *see Blue Bell Printing v. Workmen's Compensation Appeal Board (Montgomery Publishing Co.)*, 115 Pa.Commonwealth Ct. 203, 539 A.2d 933 (1988).

Likewise, in the instant matter, Claimant was notified of the job referrals while still receiving wages in lieu of compensation. His benefits could not be modified until he actually began receiving workmen's compensation benefits—on or after December 26, 1986. In that Employer failed to show that these jobs were available at the time Claimant began receiving workmen's compensation on December 26, 1986, the modification petition was properly denied.[4]

Although Employer acknowledges our decision in *Stone*, it has requested that we reconsider our decision therein. However, we decline to accept Employer's contentions herein for the same reasons we stated in *Stone*.

The decision of the Board is affirmed.

### ORDER

AND NOW, this 26th day of June, 1989, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

**4.** This Court has previously held that when an administrative agency assigns an erroneous reason to a correct decision and the record clearly shows the correct basis for that decision, we will affirm. *Haney v. Workmen's Compensation Appeal Board (Patterson-Kelley)*, 65 Pa.Commonwealth Ct. 461, 442 A.2d 1223 (1982).