578 A.2d 69

**Daniel M. BROWN, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (CITY OF PITTSBURGH), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 8, 1990.

Decided July 12, 1990.

Reargument Denied Sept. 6, 1990.

Edward J. Abes, Abes, Edward Jaffee & Associates, P.C., Pittsburgh, for petitioner.

Irvin S. Bails, Baskin, Flaherty, Elliott & Mannino, P.C., Pittsburgh, for respondent, City of Pittsburgh.

Before CRAIG and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

This is an appeal by Daniel M. Brown (claimant) from an order of the Workmen's Compensation Appeal Board (Board), which affirmed a referee's termination of claimant's benefits.

The facts of this case are as follows. Claimant was employed by the City of Pittsburgh (City) as a fire fighter when he suffered a work-related injury on March 26, 1983. Pursuant to a notice of compensation payable dated April 21, 1983, claimant received benefits under The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.[1]

In May, 1983, claimant was incarcerated and still remains incarcerated for the murder of his wife. On June 20, 1983, the City filed a petition for termination of benefits based upon the findings of David A. Welch, M.D., that claimant had recovered and could be returned to his job as a fireman effective May 16, 1983.

At a hearing on April 16, 1986, the City requested an alternative ground for termination of claimant's benefits based upon the availability of a job in the fire department which claimant could perform without loss of earning power or other benefits, if he was not incarcerated.

On July 14, 1986, Michele Cunko, Assistant Director of Personnel for the City, testified as to the availability of the "firehouse night watch" position. This position required less physical exertion than claimant's regular fireman duties while paying the same salary.

The City also offered the deposition testimony of Nicholas Mihelic, M.D., who confirmed Dr. Welch's conclusion that "claimant could return to work as a full-time firefighter and certainly could return to the position of 'firehouse night watch.'" (Referee Finding of Fact No. 11).

On December 1, 1987, the referee granted the City's petition for termination of claimant's benefits and set forth the following conclusions of law:

1. [The City] has sustained its burden of proof for termination due to the fact that it is established that the claimant has recovered sufficiently to be returned to a job

---

1. Claimant received full wages because he was covered under the so-called Heart and Lung Act, Act of June 28, 1935, P.L. 477, *as amended,* 53 P.S. § 637.

in the Fire Department as firehouse night watchman effective July 14, 1986.[2]

2. It is further found that claimant's incarceration is preventing him from performing the job available with defendant, City of Pittsburgh. Therefore, [the City] has sustained its burden of showing that if claimant was not in prison, there would be work available to him which he could perform with no loss of earning.

The Board affirmed and claimant now appeals to this Court.[3]

Claimant first argues that the rationale set forth in *City of Scranton v. Workmen's Compensation Appeal Board (Stone)*, 123 Pa.Commonwealth Ct. 310, 552 A.2d 1183 (1989), *petition for allowance of appeal denied*, 522 Pa. 614, 563 A.2d 499 (1989), should be applied here. In *City of Scranton*, the claimant was receiving wages in lieu of compensation for a period of one year. During this one-year period, the City referred the claimant to various jobs. After the one-year period had passed, workmen's compensation benefits were paid to the claimant. The City then filed a petition to modify claimant's benefits. We affirmed the denial of the petition to modify benefits because the jobs to which claimant had been referred were "available" *before* he began receiving workmen's compensation benefits. Here, claimant was receiving workmen's compensation benefits under an agreement dating from three days after he sustained the work-related injury and therefore, *City of Scranton* is not applicable.

Claimant's second argument is that the findings of fact and conclusions of law do not support a termination of

2. July 14, 1986, is the date Ms. Cunko testified as to the availability of the firehouse night watch position.

3. Our scope of review is narrow: we must affirm unless we determine that there has been a violation of constitutional rights, an error of law, or that necessary factual findings are not supported by substantial competent evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704; *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

benefits and, at most, merely support a suspension of benefits. We agree.

The employer carries the burden of proof in a petition for termination of benefits. *Empire Kosher Poultry, Inc. v. Workmen's Compensation Appeal Board,* 43 Pa.Commonwealth Ct. 394, 402 A.2d 561 (1979). A termination of benefits may not be based on the mere finding that a claimant could return to work. A termination may be based only upon a finding supported by substantial evidence that the disability ceased. *Blair v. Workmen's Compensation Appeal Board (Fullington Bus Co.),* 80 Pa.Commonwealth Ct. 459, 471 A.2d 1289 (1984). Finding that the claimant was able to return to work without more will not support an order to terminate benefits. *Lord v. Workmen's Compensation Appeal Board (Sealy Spring Corp.),* 38 Pa.Commonwealth Ct. 626, 395 A.2d 598 (1978). Unequivocal medical evidence establishing that a claimant is still partially disabled but can return to work, supports a suspension of benefits. *Buckley v. Workmen's Compensation Appeal Board (Corbo's AM PM Mini Market),* 109 Pa.Commonwealth Ct. 64, 530 A.2d 530 (1987).

The City relies on *Shenango, Inc. v. Workmen's Compensation Appeal Board (Del Brocco),* 67 Pa.Commonwealth Ct. 500, 447 A.2d 717 (1982), to support that it has met its burden of proof. *Shenango* states that "[i]n order to prevail in a termination petition case an employer must establish that the claimant's disability has ended *or has been reduced* and that (1) work is available to the claimant and (2) claimant is capable of doing such work." *Id.* at 504, 447 A.2d at 719 *citing Republic Steel Corp. v. Workmen's Compensation Appeal Board (Wilson),* 54 Pa. Commonwealth Ct. 509, 512, 422 A.2d 228, 229 (1980) (emphasis added). *Republic Steel* in turn cites *Workmen's Compensation Appeal Board v. Pennsylvania School Boards Association,* 28 Pa.Commonwealth Ct. 618, 369 A.2d 503 (1977). *Pennsylvania School Boards* was a case in which the employer had sought to modify, not terminate, the claimant's benefits. Because *Shenango's* statement of an employer's burden in a termination case emanates from

a modification case and is at odds with our later pronouncements of an employer's burden in such a proceeding, *see Buckley, Blair,* we find the City's reliance on *Shenango* misplaced.[4]

Because of the language used by the referee in his conclusions of law and the termination date of July 14, 1986, set forth therein, it is clear that benefits were terminated on the basis of available work within claimant's physical limitations which claimant could perform with no loss of earnings, were he not in prison. Although the employer has offered claimant the position of "firehouse night watch" which Drs. Welch & Mihelic believe claimant can perform, the referee made no findings and conclusions as to whether claimant's disability has ceased. This is required before benefits may be terminated. Unequivocal medical opinion that disability has ceased will support a decision to *terminate* benefits. See *Buckley, Blair.* Although we believe there is testimony which may support a finding that claimant has fully recovered, it is beyond our powers to make such findings of fact.

Accordingly, the order of the Workmen's Compensation Appeal Board is hereby reversed insofar as it terminated claimant's benefits and we shall enter an order suspending claimant's benefits.

## ORDER

And now, this 12th day of July, 1990, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed insofar as it terminated claimant's benefits and it is hereby ordered to suspend claimant's benefits.

CRUMLISH, Jr., Former President Judge, and PELLEGRINI, J., did not participate in the decision in this case.

SMITH, J., dissents.

4. The other case the City relies upon, *Wheeling–Pittsburgh Steel Corp. v. Workmen's Compensation Appeal Board,* 38 Pa.Commonwealth Ct. 370, 395 A.2d 586 (1978) is similarly flawed.