605 A.2d 460

**Nancy WEBER, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BRISTOL TOWNSHIP LEVITTOWN FAIRLESS HILLS RESCUE SQUAD), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 22, 1991.

Decided March 11, 1992.

Lawrence Hannaway, for petitioner.

Howard M. Ellner, for respondent.

Before CRAIG, President Judge, and PALLADINO, J. and BARRY, Senior Judge.

CRAIG, President Judge.

Nancy Weber, claimant, appeals from a decision of the Workmen's Compensation Appeal Board which affirmed in part a referee's decision barring Weber's attempt to set aside a supplemental agreement because of the three-year limitation found in § 434 of The Pennsylvania Workmen's Compensation Act,[1] 77 P.S. § 1001. We affirm in part, reverse in part and remand the case.

The issue in this case is whether § 434, which bars the setting aside of a final receipt after three years from the date of last payment, is applicable to this case where Weber signed a supplemental agreement that either suspended or terminated her disability benefits from her employer, the Bristol Township–Levittown–Fairless Hills Rescue Squad.

The facts in this case, as found by the referee, are as follows. On May 19, 1980, Weber suffered a work-related injury in the form of a herniated disc. The employer accepted liability and on August 20, 1980, filed a notice of compensation payable. On October 27, 1982, Weber signed a supplemental agreement. The supplemental agreement stated that the employer was entitled to a termination of benefits as of August 11, 1982. On January 26, 1987, Weber filed a petition for reinstatement of her disability benefits.

1. Act of June 2, 1915, P.L. 736, *as amended.*

The referee, based upon the following significant findings of fact, found that § 434 barred Weber's claim:

3. On or about October 27, 1982, Claimant executed a Supplemental Agreement which states:

'... Claimant was capable of resuming employment on August 11, 1982 without loss of earning power. Defendant is entitled to a termination as of August 11, 1982.'

4. Claimant became disabled again in 1982 and remains disabled but failed to file a petition until January 1987.

5. There is no evidence in the record that Defendant perpetuated a fraud or intentionally or unintentionally misled the Claimant.

. . . .

7. The Supplemental Agreement executed by the Claimant terminates Claimant's compensation.

The board affirmed the referee's decision in part but modified the referee's decision to allow for reimbursement of medical expenses.

█ Weber now appeals to this court,[2] seeking to overturn that portion of the board's decision which stated that Weber's petition for reinstatement is barred by the limitation statute.

Section 434 states:

A final receipt, given by an employe or dependent entitled to compensation under a compensation agreement notice or award, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement notice or award: Provided, however, That a referee designated by the department may, at any time within three years from the date to which payments have been made, set aside a final receipt, upon petition filed with the department, or on the department's own

2. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Mackintosh–Hemphill v. Workmen's Compensation Appeal Board (Banicki)*, 116 Pa.Commonwealth Ct. 401, 541 A.2d 1176 (1988).

motion, if it be shown that all disability due to the injury in fact had not terminated.

The board stated in its opinion that the usual procedure for terminating benefits is by executing a final receipt or the granting of a termination petition. The board, however, cited Judge Barbieri's workmen's compensation treatise for the proposition that a final receipt is not required where supplemental or other agreements are executed which terminate benefits by their terms. Barbieri, Pa.Work.Comp. § 6.33, 1975. Because the agreement signed by Weber stated that the employee's benefits terminated on October 27, 1982, the board stated that the supplemental agreement terminated benefits and thus acted as a final receipt.

Weber argues that the supplemental agreement that she signed merely suspended her benefits. At the hearing before the referee, she stated that her attorney told her that she could petition the board to reinstate her disability benefits at "any time."

Because § 434 applies expressly only to a "final receipt," we must analyze the supplemental agreement signed by Weber and decide whether it suspended or terminated her benefits.

■ A termination of benefits is granted only when a work-related disability ceases entirely, unlike a suspension which is fitting when a work-related disability exists but does not manifest itself in a loss of earning power. In *Sule v. Workmen's Compensation Appeal Board (Kraft, Inc.)*, 121 Pa.Commonwealth Ct. 242, 550 A.2d 847 (1988), *appeal denied*, 522 Pa. 608, 562 A.2d 829 (1989), this court stated:

A termination of benefits is proper only when the work-related injury ceases entirely.... A suspension of benefits is the appropriate remedy where medical disability exists but it does not manifest itself in a loss of earning power.

121 Pa.Commonwealth Ct. at 245–46, 550 A.2d at 849 (citations omitted.)

In *Brown v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 134 Pa.Commonwealth Ct. 31, 578 A.2d 69 (1990) (*Brown I*), appeal denied, 527 Pa. 652, 593 A.2d 423 (1991), this court said that:

> A termination of benefits may not be based on the mere finding that a claimant could return to work. *A termination may be based only upon a finding supported by substantial evidence that the disability ceased....* Finding that the claimant was able to return to work without more will not support an order to terminate benefits.... Unequivocal medical evidence establishing that a claimant is still partially disabled but can return to work, supports a suspension of benefits.

134 Pa.Commonwealth Ct. at 35, 578 A.2d at 71 (citations omitted, emphasis added).

Because a disability must cease to terminate benefits effectively, and the supplemental agreement in this case does not state that Weber's disability ceased, this supplemental agreement is not a final receipt.

The supplemental agreement states that Weber could return to work without loss of earning power, language which supports Weber's argument that her benefits were suspended, because a suspension of benefits is proper when a disability exists but does not manifest itself in a loss of earning power.

Although the board cited Judge Barbieri's treatise for the proposition that a supplemental agreement is a proper substitute for a final receipt if the supplemental agreement terminates compensation, as stated above, this supplemental agreement did not terminate employer's liability because the supplemental agreement did not contain language acknowledging a cessation of Weber's disability.

Therefore, because we decide that the supplemental agreement signed by Weber is a suspension of her benefits and not a termination of her benefits, § 434 is inapplicable to this case.

The board also found that the employer is liable for medical expenses relating to Weber's work-related injury because the three-year statute of limitations is inapplicable to the employer's liability for payment of medical services. *Fuhrman v. Workmen's Compensation Appeal Board (Clemens Supermarket)*, 100 Pa.Commonwealth Ct. 577, 515 A.2d 331 (1986). Our decision today, characterizing the supplemental agreement as a suspension of benefits, does not change this conclusion because an employer is required to continue payment for medical services after a claimant's benefits have been suspended. *Dasconio v. Workmen's Compensation Appeal Board (Aeronca, Inc.)*, 126 Pa.Commonwealth Ct. 206, 559 A.2d 92 (1989).

Accordingly, the decision of the board barring Weber's action because of the three-year statute of limitations found in § 434 is reversed, and this case is remanded for further proceedings as to the petition for reinstatement. The board's decision finding the employer liable for medical payments is affirmed.

## ORDER

NOW, March 11, 1992, the decision of the Workmen's Compensation Appeal Board, dated February 27, 1991, at No. A89–181, is affirmed with respect to the board's decision holding the employer liable for medical expenses incurred by the claimant. The board's decision to apply the statute of limitations is reversed, and this case is remanded for further proceedings as to the petition for reinstatement.

Jurisdiction relinquished.