**John RAYMOND, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (DONOLO MASONRY CONSTRUCTION), Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 13, 1995.
Decided May 24, 1995.

Daniel K. Bricmont, for petitioner.

Kenneth Ficerai, for respondent.

Before McGINLEY and KELLEY, JJ., and SILVESTRI, Senior Judge.

KELLEY, Judge.

John Raymond (claimant) appeals an order of the Workmen's Compensation Appeal Board which affirmed in part and reversed in part a referee's decision. The referee suspended claimant's benefits for a closed period for claimant's failure to attend a scheduled independent medical examination (IME) pursuant to section 314 of The Pennsylvania Workmen's Compensation Act (Act).[1] We affirm.

Donolo Masonry Construction (employer) filed a termination petition alleging that claimant failed to comply with an order of the board directing claimant to appear for an IME.[2] Claimant filed a timely answer noting: (1) employer is not entitled to the relief

sought as a matter of law and would only be entitled to a suspension;[3] (2) claimant conceded that the board ordered him to appear for an IME; and (3) claimant alleged that his failure to appear for the IME was not willful but due to his incarceration on that date in the Butler County Jail.

After a hearing, the referee made the following pertinent findings of fact:

3. The referee accepts as fact the representations of both counsel as to the background of this matter.

4. Although claimant's attorney was copied on the notice to attend the IME ... his counsel was unaware of his incarceration at that time. Furthermore, the IME was not scheduled in consultation with his counsel, i.e., "... at a time to be arranged by both parties" as ordered by the Board.... The scheduling letter to the claimant states "[A]t the request of State Farm Insurance...."

5. However, as a practical matter [employer] can only schedule an IME at the doctor's convenience. The letter indicates a willingness to consider an alternative date.

6. Upon receipt of the letter, claimant's counsel had an obligation to contact his client. Upon doing so and learning of the incarceration he did contact defense counsel, but not until February 17, 1993 or three weeks after the scheduling letter and one week after the actual examination date.

7. It is inferred that claimant received the notice as it was sent to the address where his compensation checks are being mailed.... Even allowing time for mail to be forwarded to the jail, if necessary, claimant also had an obli-

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 651. Section 314 provides that where a claimant through refusal or neglect, without reasonable cause or excuse fails to submit to an IME ordered by the board, he or she shall be deprived of any right to compensation during the continuance of such refusal or neglect.

2. The order of the board was issued on January 22, 1993 requiring claimant to attend an IME before Dr. Michael Levine at his offices in Pitts-

burgh, Pennsylvania. On January 26, 1993, a letter was sent by employer's insurer requesting claimant to attend an IME scheduled on February 10, 1993 with Dr. Levine.

3. The referee determined that claimant's assertion was correct and employer's petition was orally amended at the hearing before the referee to request a suspension.

gation upon receipt of the notice to contact Ms. Stonick's office ... and/or his counsel to explain his inability to appear.

8. In that claimant's counsel acted (as) promptly (as possible) upon learning of the incarceration, the referee finds as fact that the appropriate period of suspension is January 26, 1993 through February 16, 1993, inclusive.

Based on these findings, the referee, citing section 314 of the Act, concluded that claimant's failure to attend the scheduled IME was without reasonable cause or excuse for the specific period noted. Accordingly, the referee ordered that employer was entitled to a suspension of claimant's compensation for the period January 26, 1993 through February 16, 1993, inclusive. The referee further ordered that employer "is further advised that it has a responsibility to make alternative arrangements to facilitate an independent medical examination if claimant remains incarcerated."

Employer appealed the referee's decision to the board contending that the suspension should have been granted at least from December 9, 1992, when the first IME was scheduled with claimant, until claimant complies with the requirements of the Act by attending a scheduled IME. The board disagreed with employer that the suspension should have begun back in December as section 314 requires that failure to comply with a board order shall result in a suspension of benefits. Since no order was issued prior to January 22, 1993, the board determined that benefits could not be suspended prior to that date.

However, the board also disagreed with the referee that suspension of benefits should be discontinued subsequent to February 16, 1993, the date employer was placed on notice of claimant's incarceration. The board relying on this court's decision in *Brown v. Workmen's Compensation Appeal Board*

*(City of Pittsburgh)*, 134 Pa.Commonwealth Ct. 31, 578 A.2d 69 (1990), *petition for allowance of appeal denied*, 527 Pa. 652, 593 A.2d 423 (1991), and the language of the 1993 amendments to the Act, which the board noted adopted this court's holding in *Brown*, determined that incarceration was not a reasonable excuse for not attending an IME scheduled by employer.[4]

Further, the board found compelling employer's argument that it would be burdensome for employer to require its physician to conduct an examination at the site where claimant is incarcerated. The board opined that claimant should be required to take whatever steps are necessary in order to make himself available for an IME to be conducted at the doctor's facility.

Accordingly, the board affirmed in part and reversed in part the referee's decision. The board reversed the decision of the referee reinstating benefits after February 16, 1993 and ordered that compensation shall be suspended as of January 26, 1993 forward until such time as claimant attends an IME in conformance with the requirements of section 314 of the Act. It is from that order that claimant now appeals to this court.

 Initially, we note that our scope of review is to determine whether constitutional rights were violated, an error of law was committed, or appeal board procedure violated, and whether necessary findings of fact were supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995). A claimant's failure to comply with an order to submit to an IME as authorized under section 314 of the Act, without a reasonable excuse, shall result in the deprivation of a claimant's right to compensation until the claimant complies with such order. *Maranc v. Workmen's Compensation Appeal Board (Bienenfeld)*, 156 Pa.Commonwealth Ct. 572, 628 A.2d 522 (1993), *petition for allowance of appeal de-*

---

**4.** In *Brown,* this court ordered that a claimant's benefits be suspended during the period that the claimant was incarcerated and unable to perform a job that was available to him within his physical limitations. The 1993 amendments to the Act, effective August 31, 1993, amended sec-

tion 306 of the Act, 77 P.S. § 511, to include a provision that "[n]othing in this act shall require payment of compensation for any period during which the employe is incarcerated after a conviction."

*nied,* 537 Pa. 636, 642 A.2d 489 (1994). The referee, as ultimate fact finder, has discretion to determine the reasonableness of a claimant's excuse for noncompliance with a board order to submit to an IME. *Id.*

■ On appeal, claimant argues that the board's decision suspending claimant's benefits when he was willing but unable to attend a board ordered IME because of his incarceration and placing the burden on claimant to arrange for his presence at the office of employer's physician is contrary to section 314 of the Act. Claimant asserts that the board's decision does not attempt to facilitate a physical examination of claimant but rather penalizes claimant based on his incarcerated status. Further, claimant argues that the board's decision places additional obstacles in the path of a physical examination by placing the burdens on claimant which the Act intends to be borne by the employer. We disagree.

Section 314 of the Act requires a claimant to submit himself for examination, at some reasonable time and place, to a physician selected and paid by the employer. Section 314 further requires an employer to pay the fees and expenses of the examining physician and the reasonable traveling expenses and loss of wages incurred by a claimant in order to submit himself to such examination.

Therefore, the responsibilities of an employer pursuant to section 314 do not include making special arrangements to facilitate an IME if a claimant is incarcerated and cannot submit himself to an examination. The Act requires that the claimant submit himself to an IME "at some reasonable time and place" and it is logical to conclude that a reasonable place and time would be at the physician's office or a medical facility, not a prison. This is especially true when a claimant is unable to submit himself due to the intentional actions of the claimant.

Further, the fact that the order of the board directing claimant to submit to an IME, ordered that the IME be at a time to be arranged by both parties does not render the board's decision contrary to section 314. As found by the referee, the notice sent to claimant informing claimant of the date of the IME indicated a willingness to consider an alternative date. Therefore, it was claimant's responsibility upon receipt of the notice to promptly notify his counsel if the arranged date was inconvenient or to explain his inability to appear in order for his counsel to secure a mutually convenient time.

Accordingly, the referee in this case, as fact finder, did not abuse her discretion in determining that claimant's failure to attend the scheduled IME due to his incarceration was without reasonable cause or excuse. Further, the board's affirmance of the referee's determination was not contrary to section 314.

Claimant argues that the board erred in relying on this court's decision in *Brown* and that the board's reliance on the 1993 amendments to section 306 is similarly misplaced. We disagree that the board erred in relying on *Brown.*

While *Brown* dealt with job availability and not the submission to an IME, such distinction is irrelevant. The reason why the claimant in *Brown* and the claimant herein were unable to comply with the provisions of the Act was incarceration not circumstances beyond either claimant's control.

■ We do, however, agree with claimant that the board's reliance on the 1993 amendments to the Act was misplaced. The effective date of the 1993 amendments was August 31, 1993 and employer's termination petition was filed on February 16, 1993. The normal rule of statutory construction is that laws must be given prospective effect unless the General Assembly clearly and manifestly intended a law to be construed retroactively. *See* Statutory Construction Act of 1972, 1 Pa.C.S. § 1926; *Shadyside Hospital/Heritage v. Workmen's Compensation Appeal Board (Berry),* 163 Pa.Commonwealth Ct. 152, 639 A.2d 1337, *petition for allowance of appeal denied,* 538 Pa. 652, 647 A.2d 905 (1994).

In this case, there is no language that clearly and manifestly directs this court to interpret the amendment to section 306 retroactively. Therefore, the amendment to section 306 requiring that no compensation shall be paid to a claimant for any period

during which he or she is incarcerated after a conviction may only be applied prospectively. However, the board's reliance on section 306, as amended, is harmless error in that the referee found, and the board affirmed, that claimant did not have a reasonable cause or excuse pursuant to section 314 of the Act in failing to attend the scheduled IME.

Accordingly, employer herein is entitled to a suspension of benefits where the incarcerated claimant is unable to submit himself to an IME due to his incarceration and not due to any reasonable excuse or cause. Further, the board was correct in its determination that said suspension shall continue until such time as claimant attends an IME in conformance with the requirements of section 314 of the Act. The order of the board is affirmed.

### ORDER

NOW, this 24th day of May, 1995, the order of the Workmen's Compensation Appeal Board, dated June 24, 1994, at No. A93–1890, is affirmed.