**Kelly A. HUTTER, Petitioner,**

v.

**WORKMEN'S COMPENSATION AP-PEAL BOARD (PITTSBURGH ALUMI-NUM COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 28, 1994.

Decided Sept. 25, 1995.

Joseph E. Fieschko, Jr., for petitioner.

Harry J. Klucher and Linda M. Gillen, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

This is an appeal by Kelly Hutter (Claimant) from an order of the Workmen's Com-

pensation Appeal Board which affirmed a referee's order granting Claimant's petition to set aside final receipt but which also terminated Claimant's benefits, effective February 27, 1992.

The pertinent facts are as follows. Claimant was employed as a screen fabricator by Pittsburgh Aluminum Company (Employer) when she sustained a work-related injury in the nature of carpel tunnel syndrome to her right wrist on April 23, 1990. Pursuant to a notice of compensation payable, Claimant began receiving disability benefits. On March 14, 1991, Employer filed a termination petition[1] alleging that Claimant's injury was not work-related. A few days later, on March 18, 1991, Claimant returned to work in a "light duty" position as a clerk/secretary, whereupon Employer filed a second termination petition on April 5, 1991, asserting that Claimant had returned to work without a loss in earning power.[2] On April 12, 1991, Claimant signed a final receipt. On May 9, 1991, Claimant was obligated to stop working and on September 9, 1991, she filed a petition to set aside the final receipt averring that she had not fully recovered from her work-related injury at the time she signed the final receipt on April 12, 1991.

On May 12, 1993, the referee granted Claimant's petition to set aside the final receipt and reinstated her disability benefits effective May 9, 1991. The referee found that Claimant had not fully recovered from her work-related injury at the time she signed the final receipt based on the testimony of Claimant's treating physician, Dr. Glenn A. Buterbaugh. The referee further found, however, that Claimant had fully recovered from her work-related injury as of February 27, 1992 based upon the testimony of Employer's medical expert, and, therefore, her benefits were terminated as of that date. Claimant appealed that portion of the referee's order terminating her benefits as of February 27, 1992, and the Board affirmed.

The sole issue on appeal to this Court is whether the Board erred in affirming the referee's order terminating disability benefits where Claimant had succeeded in her petition to set aside the final receipt, and where Employer had not filed a viable termination petition.[3]

■ Pursuant to Section 434 of the Act, 77 P.S. § 1001, to set aside a final receipt a claimant must prove by sufficient competent

1. Although Employer designated its petition as one for termination, in actuality it was a petition for review, since it alleged that Claimant's injury was not work-related based on a material mistake of fact, as opposed to alleging that Claimant had fully recovered from her injury, which is the basis for granting a petition for termination. Section 413(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772; *see Barna v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.)*, 116 Pa.Cmwlth. 280, 541 A.2d 838 (1988); *see also McFaddin v. Workmen's Compensation Appeal Board (Monongahela Valley Hospital)*, 153 Pa.Cmwlth. 252, 620 A.2d 709 (1993).

2. We note that since Employer was only alleging that Claimant returned to work without a loss in earning power, it should have filed a modification petition requesting a suspension, rather than a termination. Section 306(b) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 512; *Brown v. Workmen's Compensation Appeal Board (City of Pittsburgh)*, 134 Pa.Cmwlth. 31, 578 A.2d 69 (1990), *petition for allowance of appeal denied*, 527 Pa. 652, 593 A.2d 423 (1991).

3. Although Employer had filed two "termination petitions" prior to the filing of Claimant's petition to set aside the final receipt, Employer had no genuine "termination petition" before the referee since neither of Employer's petitions were truly requesting a termination. *See supra* notes 1 & 2. The referee never actually reached a decision in response to Employer's two petitions, although, during the April 30, 1991 hearing, she did address Employer's first petition, correctly referring to it as a petition for review. The referee stated that, since Employer took an automatic supersedeas from paying disability benefits, when Claimant returned to work, she did not need to decide the first petition. The second petition, filed on April 5, 1991, requested a suspension only, and that became moot when Claimant signed the final receipt on April 12, 1991. Additionally, at the time Employer filed the misnomered "termination petitions," it did not have its medical expert's report supporting a true termination; Employer's doctor did not examine Claimant until some ten months after the second "termination petition" was filed.

Moreover, Employer, in its brief, states that the only petition before the referee was the Claimant's petition to set aside the final receipt, and the Board states that its decision is based upon the Claimant's petition to set aside, and not on either of Employer's earlier petitions.

credible evidence that all disability related to his/her work-related injury had not ceased at the time he/she signed the final receipt. *Sheibley v. Workmen's Compensation Appeal Board (ARA Food Services Co.)*, 86 Pa.Cmwlth. 28, 483 A.2d 593 (1984). Once a claimant establishes this proof, the original compensation agreement automatically revives; it is as if the final receipt was never signed. *Taylor v. Workmen's Compensation Appeal Board (Doylestown Township)*, 108 Pa.Cmwlth. 642, 530 A.2d 975 (1987). The issue then becomes the extent of the claimant's disability, and the burden of proof shifts to the employer to show that compensation under the original agreement should be reduced or suspended. *Id.; Coastal Tank Lines, Inc. v. Workmen's Compensation Appeal Board (Mann)*, 96 Pa.Cmwlth. 254, 506 A.2d 1024 (1986).

 Generally, if an employer wants to change the character of the disability, it must file a petition specifically requesting the relief sought. *Keystone Bakery, Inc. v. Workmen's Compensation Appeal Board (Lack)*, 88 Pa.Cmwlth. 111, 488 A.2d 668 (1985). There are numerous cases, however, where a referee properly terminated a claimant's disability benefits even though the employer had not filed a termination petition.

The first category of cases consist of instances in which a claimant files a claim petition and he/she is granted disability benefits for a closed period of time which are then terminated without a termination petition being filed by the employer. *E.g., Connor v. Workmen's Compensation Appeal Board (Super Sucker, Inc.)*, 155 Pa.Cmwlth. 102, 624 A.2d 757 (1993), *petition for allowance of appeal denied*, 535 Pa. 676, 636 A.2d 635 (1993). The rationale underlying the termination of disability benefits is that the claimant has the burden of proving the extent of his disability, and a referee may accordingly determine for what period of time such disability existed. *Id.; See also Inglis House v.*

*Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993); *Thomas v. Workmen's Compensation Appeal Board (George's Painting Contractors)*, 157 Pa.Cmwlth. 207, 629 A.2d 251 (1993).

 The second category where a termination of benefits is proper without a formal termination petition having been filed involves cases in which the employer files another type of petition but puts the claimant on notice that it is seeking a termination of benefits. *E.g., Bell Telephone Co. v. Workmen's Compensation Appeal Board (Rothenbach)*, 98 Pa.Cmwlth. 332, 511 A.2d 261 (1986) (the referee did not err in treating employer's answer to claimant's review petition as a petition for termination of benefits because the employer's answer put the claimant on notice that the employer was seeking to terminate benefits).[4] A referee may properly consider an employer's petition for modification of benefits as a petition for termination "where the claimant would not have been misled by the form of the petition, had notice of the relief sought by employer, and had a full and fair opportunity to contest the basis for the employer's assertions." *Id.*, 144 Pa.Cmwlth. 601, 609–10, 601 A.2d 1341, 1345; *Boehm. Cf. Yezovich v. Workmen's Compensation Appeal Board (USX Corp.)*, 144 Pa. Cmwlth. 601, 601 A.2d 1341 (1992) (although the employer filed a termination petition, referee properly granted a modification, because in its petition, employer alleged that there was work available within the claimant's capabilities; therefore, the claimant was aware of the type of relief the employer sought).

 In this case, Claimant in the first instance succeeded in her petition to set aside the final receipt, but the referee and Board went further and examined the total period and extent of that disability; therefore, her benefits were terminated as of the date Employer's doctor examined Claimant.

---

4. Section 413 of the Act, 77 P.S. § 772, has been interpreted to empower a referee to take whatever action is appropriate based on the evidence before him/her, upon a filing of any petition by either party. *Thomas.* The law is clear that the form of a petition filed is not controlling where relief is warranted for a claimant. As for an employer, if the relief is warranted for it, there must be notice of the relief sought given to the claimant before the referee can grant the requested relief. *See Boehm v. Workmen's Compensation Appeal Board (United Parcel Services)*, 133 Pa.Cmwlth. 455, 576 A.2d 1163 (1990).

Although Employer had filed no formal petition for termination, notice was given to Claimant that it sought a termination of disability benefits, and there certainly was no surprise to Claimant that Employer was seeking termination. Claimant was provided with the deposition of Employer's medical expert, and the deposition emphatically stated that Claimant was no longer injured as of February 27, 1992, the date the expert examined her. This clearly notified Claimant that Employer was seeking a termination. There was, therefore, no prejudice to Claimant, nor denial of an opportunity to defend against the termination request. Additionally, Claimant's own medical expert testified that she would be able to return to a light duty position in late November of 1991.

Accordingly, the Board's order is affirmed.

### ORDER

NOW, September 25, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.