587 A.2d 387

**Clara HAWKINS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (MEDICAL COLLEGE OF PENNSYLVANIA), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 23, 1990.

Decided Feb. 26, 1991.

Larry Pitt, Larry Pitt & Associates, Philadelphia, for petitioner.

Robin W. Fisher, Post & Schell, P.C., Philadelphia, for respondent.

Before COLINS and KELLEY, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

Clara Hawkins (claimant) petitions for review of a decision and order of the Workmen's Compensation Appeal Board which affirmed a referee's decision granting the claimant's petition but suspending her benefits.[1]

The record reflects that on January 26, 1988, the claimant filed a claim petition alleging that on September 24, 1987, she suffered a work-related lumbosacral strain and sprain as well as an injury to her right knee. Before the referee, the claimant presented her own testimony as well as the deposition testimony of her treating physician, Dr. Felix Spector, M.D.. The employer countered with the deposition testimony of Dr. John R. Duda, M.D.

■ The referee made the following pertinent findings of fact:

4. Claimant presented the medical testimony of Dr. Felix Spector, Claimant's treating physician since January 19, 1988, when she was referred to him by counsel for Claimant. Dr. Spector opined to a reasonable degree of medical certainty that Claimant had an acute sprain of the low back and a sprain and contusion of the knee; said injuries had direct causal connections to the September 24, 1987 injury. However, this Referee finds the testimony of Dr. Spector both unconvincing and incompetent as Dr. Spector said he assumed healthy knees prior to the date of injury, while the record clearly shows Claimant had a three year history of degenerative disease in both knees. Dr. Spector treated both knees even though only the "right knee" was allegedly injured. Further, Dr.

---

1. The referee granted the claimant's medical expenses as to her back injury but suspended her benefits because the claimant had not suffered a loss of earning power due to her back injury alone.

Spector, disqualified himself by responding to a question on whether degenerative changes can be caused by trauma by responding, "I'm not an orthopedist, so I can't say."

5. The Defendant presented the medical testimony of Dr. John R. Duda, who opined to a reasonable degree of medical certainty that as of his May 23, 1988 examination, all symptoms as to Claimant's knees were due to an underlying arthritic condition and not due to her September 24, 1987 injury. Dr. Duda failed to mention the lumbar spine injury, other than to say he took x-rays. The Referee is persuaded that any exacerbation of Claimant's knee problem had resolved prior to Dr. Duda's examination of May 23, 1988.

6. The Referee finds as a fact that Claimant has presented no competent, credible evidence that would support a finding of a work-related knee injury.

7. The Referee finds as a fact that while Claimant injured her back on September 24, 1987, no competent credible evidence has been presented that the Claimant was disabled solely from a lumbosacral strain and sprain.

Referee's Decision, March 28, 1989 (R.D.) at 2. The referee concluded that the claimant failed to prove that she had suffered a compensable knee injury, or a period of disability due to her back alone. R.D. at 3. The referee then entered an order granting the claimant's medical expenses as to her back injury but suspended her workmen's compensation benefits. It is from the order of the Board affirming the decision and order of the referee that the claimant appeals to this Court.[2]

The claimant alleges on appeal that the referee erred in suspending her benefits because the Medical College of Pennsylvania (employer) failed to meet its burden of prov-

2. Our scope of review is limited to determining whether the claimant's constitutional rights were violated, whether an error of law was committed and whether necessary factual findings are supported by substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

ing a change in her condition after the claim petition was granted. The claimant also contends that the referee erred in finding that her expert medical witness, Dr. Spector, disqualified himself by answering, "I'm not an orthopedist, so I can't say," in response to a question concerning whether degenerative meniscal changes are indicative of a long-standing disease.

Where, as here, the Board makes no additional findings of fact in the decision on appeal, the ultimate fact finder is the referee whose findings must be accepted if they are supported by substantial evidence. *Carrier Coal Enterprises v. Workmen's Compensation Appeal Board (Balla)*, 118 Pa.Commonwealth Ct. 201, 544 A.2d 1111 (1988). The referee, as the ultimate fact finder, has exclusive province over questions of credibility and evidentiary weight. *Hess Bros. v. Workmen's Compensation Appeal Board (Gornick)*, 128 Pa.Commonwealth Ct. 240, 563 A.2d 236 (1989). In the exercise of broad discretion, the referee may accept or reject the testimony of any witness, including a medical witness, in whole or in part. *Id.*, 128 Pa.Commonwealth Ct. at 245, 563 A.2d at 238. The referee may even reject uncontradicted testimony. *Stuck Leasing Co. v. Workmen's Compensation Appeal Board (Ziegler)*, 125 Pa.Commonwealth Ct. 237, 557 A.2d 808 (1989).

In the matter *sub judice*, the claimant's treating physician, Dr. Spector, diagnosed the claimant as suffering from an acute sprain of the lower back as well as a sprain and contusion of the knee. Deposition of Dr. Spector (D.D.S.), August 29, 1988 at 12–13, Supplemental Reproduced Record (S.R.R.) at 36b–37b. Dr. Spector further opined that the claimant's injuries were directly caused by her fall at work on September 24, 1987. D.D.S. at 13, S.R.R. at 37b. The referee rejected the testimony of Dr. Spector as unconvincing and incompetent because he had assumed that the claimant's knees were healthy prior to her accident while the record evinces that she had a degenerative condition in both of her knees at the time of the accident. The referee further found that Dr. Spector dis-

qualified himself by responding, "I'm not an orthopedist, so I can't say," in answer to a question concerning whether degenerative meniscal changes are indicative of a long-standing disease.

We believe that the referee erred in finding that Dr. Spector disqualified himself.[3]  However, we find this error to be harmless because in finding of fact number four, the referee states that the reason she rejected the testimony of Dr. Spector was because his opinion was based upon assumptions not in the evidence of record.  Our review of Dr. Spector's deposition reveals that not only was his opinion based on assumptions not in the record, it was also contrary to established facts.  Such expert testimony, we have previously held, is valueless.  *Lookout Volunteer Fire Co. v. Workmen's Compensation Appeal Board*, 53 Pa.Commonwealth Ct. 528, 418 A.2d 802 (1980).

■  We must now determine whether the referee properly suspended the claimant's benefits as of the same date that she had granted the claimant's medical expenses.

■  Initially, we note that a suspension of benefits is the appropriate remedy where medical disability exists but does not manifest itself in a loss of earning power.  *Sule v. Workmen's Compensation Appeal Board (Kraft, Inc.)*, 121 Pa.Commonwealth Ct. 242, 550 A.2d 847 (1988), *appeal denied*, 522 Pa. 608, 562 A.2d 829 (1989).  Here, the referee suspended the claimant's benefits after finding that, even though she had suffered a work-related injury to her back on September 24, 1987, no competent, credible evidence was presented that she was disabled solely from such injury.

Section 413 of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772, states, in pertinent part, as follows:

**3.**  As a duly licensed physician, Dr. Spector was certainly competent to testify in this workmen's compensation proceeding.  His statement that he was not an orthopedist, and thus could not answer a certain question did not render his opinion incompetent, but merely went to the weight and sufficiency of his testimony.

A referee designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agreement or an award of the department of its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification, reinstatement, suspension, or termination shall be made as of the date upon which it is shown that the status of any dependent has changed....

This Court has previously construed Section 413 of the Act as empowering a referee to take the appropriate action as indicated by the evidence upon the filing of any petition referenced therein by either party. *Bell Telephone Co. v. Workmen's Compensation Appeal Board (Rothenbach)*, 98 Pa.Commonwealth Ct. 332, 511 A.2d 261 (1986). Here, the referee granted the claimant's medical expenses but suspended her benefits upon finding that she was not disabled solely from a work-related lumbosacral strain and sprain. Based on the facts of this case, we believe that the referee properly suspended the claimant's benefits pursuant to Section 413 of the Act.

Accordingly, we will affirm the order of the Board.

### ORDER

AND NOW, this 26th day of February, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.