629 A.2d 251

Ian THOMAS, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(GEORGE'S PAINTING CONTRACTORS),
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 7, 1993.

Decided July 16, 1993.

F. Barbara Danien, for petitioner.

Andrew K. Touchstone, for respondent.

Before COLINS and FRIEDMAN, JJ., and LORD, Senior Judge.

COLINS, Judge.

Ian Thomas (Thomas) petitions for review of the December 23, 1992 opinion and order of the Workmen's Compensation Appeal Board (Board). The Board affirmed the order of the referee but modified that order to direct George's Painting Contractors (George's) to pay certain medical and litigation expenses incurred by Thomas.

The referee's findings of fact, which are not contested, can be summarized as follows. Thomas injured his lower back on July 13, 1989, when he lifted a heavy radiator while working as a painter. He sought medical treatment on the following day and returned to work on July 20, 1989. Thomas again stopped working on August 8, 1989 because of pain in his back. At the referee's first hearing, on December 15, 1989, Thomas testified that he still experienced pain in his back and in both hips and that he was unable to return to work because he could not lift and bend as required.

Thomas presented medical testimony from Natawadee Steinhouse, M.D. (Dr. Steinhouse) and from Corey K. Ruth, M.D. (Dr. Ruth). Dr. Steinhouse had treated Thomas since August 22, 1989, and his initial diagnosis was acute lumbosacral sprain and strain with possible right radiculopathy. Dr. Steinhouse testified that on May 2, 1990, Thomas was totally disabled and in need of physical therapy. Dr. Ruth, who first examined Thomas on November 28, 1989, testified that Thomas continued to be totally disabled on July 17, 1990. Dr. Ruth diagnosed Thomas as having a lumbar discogenic injury which was work-related.

George's presented medical testimony from Jose Auday, M.D. (Dr. Auday), who examined Thomas on January 9, 1990. Although Thomas complained of pain in his hips, Dr. Auday did not observe any muscle atrophy, radiculopathy, or any nerve root irritation. He testified that Thomas had fully recovered from his lumbosacral sprain as of January 9, 1990 and could return to work without restriction.

The referee found Dr. Auday to be credible and accepted his testimony in its entirety, but he accepted the testimony of Drs. Steinhouse and Ruth only insofar as they established that Thomas had suffered a work-related injury on July 13, 1989 and was totally disabled through 1989. The referee rejected the testimony of Drs. Steinhouse and Ruth to the extent that their testimony conflicted with that of Dr. Auday, and he found additionally, that Thomas did not need medical treatment after January 9, 1990. The referee concluded, therefore, that Thomas was disabled from July 14, 1989 until July 19, 1989 and from August 8, 1989 until January 8, 1990. He awarded total disability benefits for those two periods of time and terminated Thomas' benefits effective January 9, 1990. The referee also directed George's to reimburse Thomas for certain medical and litigation expenses.

Thomas appealed to the Board, arguing that the referee erred by terminating his benefits, because the record does not support a termination, and because employer had not filed a termination petition. Thomas also argued that the referee erred by not awarding interest from the date of injury to the date of payment. Thomas argued finally that the referee erred by not directing employer to pay certain additional medical and litigation expenses. The Board, after reviewing the record, opined that the referee, based on substantial evidence, had properly determined the period of Thomas' disability and had, therefore, properly terminated benefits. The Board stated:

In the case before the Referee, Claimant was the party who initiated his action. Therefore, a defense in this matter by Defendant was that Claimant had not suffered a work-related injury, and if he did, such injury had terminated. Clearly, where a Claim Petition was filed and no determina-

tion had yet been made as to whether Claimant had suffered a work-related injury, the Referee may determine for what period such disability existed. In the interest of administrative justice and efficiency, we believe the Referee should be able to consider the period of disability of Claimant's injury without requiring Defendant to file a Termination or Suspension Petition at the same time. Therefore, we affirm the Decision of the Referee in this regard.

The Board also determined that employer should pay the additional medical and litigation expenses and interest from the date of injury to the date of payment. The Board then affirmed the order of the referee as modified.

Thomas has petitioned this Court for review of the Board's order and has presented two issues. He queries first, whether George's waived the issue of termination of benefits by not raising that issue in its answer to the claim petition. He queries second, whether the Board erred by affirming the referee's termination of benefits when George's had not filed a termination petition. "Our scope of review is limited to determining whether an error of law was made, constitutional rights were violated, or crucial findings of fact were not supported by substantial evidence. *Harrell v. Workmen's Compensation Appeal Board (Circle HVAC)*, 151 Pa.Commonwealth Ct. 8, 12, 616 A.2d 1051, 1053, *petition for allowance of appeal denied*, 532 Pa. 645, 614 A.2d 1142 (1992).[1]

■ We agree with George's that *Hawkins v. Workmen's Compensation Appeal Board (Medical College of Pennsylvania)*, 138 Pa.Commonwealth Ct. 180, 587 A.2d 387 (1991), is dispositive of the matter *sub judice*. We note, initially, our concern that Thomas' brief states that there are no cases on point and then fails even to mention *Hawkins*. Our concern arises because Thomas' lawyer was also the lawyer for Hawkins. We are constrained to note that Rule 3.3(a)(1) of the Rules of Professional Conduct provides that a lawyer shall not knowingly and falsely state the law to a tribunal. Comment to

1. *Harrell* was decided by this Court on April 15, 1992, but publication was not ordered until November 12, 1992. In the interim, on September 10, 1992, the Pennsylvania Supreme Court denied the petition for allowance of appeal.

that rule provides that "[l]egal argument based on a knowingly false representation of law constitutes dishonesty toward the tribunal. A lawyer is not required to make a disinterested exposition of the law, but must recognize the existence of pertinent legal authorities." We instruct all attorneys to familiarize themselves with these rules when practicing before this Court.

Hawkins had filed a claim petition alleging a work-related lumbosacral strain and sprain and an injury to her right knee. The referee found that she had not presented competent, credible evidence supporting a finding of a work-related knee injury and that although she injured her back on the date in question, she had presented no competent, credible evidence that she was disabled solely from that back injury. The referee, therefore, suspended her benefits but granted payment of medical expenses. On appeal, Hawkins argued that the referee had erred by simultaneously granting her claim petition and suspending her benefits. Noting "that a suspension of benefits is the appropriate remedy where medical disability exists but does not manifest itself in a loss of earning power[,]" we determined that Section 413 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 772, "empower[s] a referee to take the appropriate action as indicated by the evidence upon the filing of any petition referenced therein by either party." *Hawkins,* 138 Pa.Commonwealth Ct. at 185 and 186, 587 A.2d at 390. We concluded that the referee had properly granted medical expenses and suspended benefits after finding that Hawkins had suffered a back injury but was not solely disabled from it and, therefore, had not suffered a loss of earning power because of it.

Procedurally, the matter *sub judice* cannot be distinguished from *Hawkins.* In both cases, the claimants filed claim petitions, and the referees simultaneously granted those petitions but, based on the evidence, suspended or terminated benefits. Thomas filed a claim petition, and the referee, after considering all of the evidence, determined that although Thomas had suffered a work-related injury, his disability had ceased. The referee, therefore, awarded benefits for the

period of disability and terminated those benefits effective January 9, 1990, the date that the disability ceased. We reiterate what we said in *Hawkins,* that Section 413 of the Act, 77 P.S. § 772, empowers a referee to take whatever action is appropriate pursuant to the evidence, upon the filing of any petition by either party. Here, the referee determined that there was a closed period of disability, and he, therefore, awarded benefits for a closed period.

 Thomas also argues that George's waived the issue of the termination of benefits by not raising it in the answer to the claim petition. George's, by not issuing a notice of compensation payable and by denying the allegations of the claim petition, sufficiently notified Thomas of its intent to contest the claim.

Accordingly, the order of the Workmen's Compensation Appeal Board is affirmed.

## ORDER

**AND NOW,** this 16th day of July, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.