**KENNETT SQUARE SPECIALTIES and PMA Management Corporation, Petitioners**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CRUZ), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 5, 2011.
Decided Oct. 19, 2011.
Reargument Denied Dec. 7, 2011.

Edward R. Carpenter, Jr. and Erin A. Padovani, Media, for petitioner Kennett Square Specialties.

George D. Walker, Jr., Philadelphia, for respondent David Cruz.

BEFORE: PELLEGRINI, Judge, and BROBSON, Judge, and McCULLOUGH, Judge.

OPINION BY Judge BROBSON.

Kennett Square Specialties (Employer) appeals from an order of the Workers' Compensation Appeal Board (Board), dated March 16, 2011. The Board reversed the portion of the decision of a Workers' Compensation Judge (WCJ) that suspended Claimant's benefits as of the date of his work-related injury. For the reasons that follow, we affirm the Board.

Claimant sustained a work-related injury to his lower back on July 19, 2008, while employed as a truck driver in Employer's mushroom growing business. On August 8, 2008, Employer provisionally accepted liability for Claimant's work-related injury by issuing a notice of temporary compensation payable, which described the injury as a lumbar strain, and Employer began paying Claimant compensation benefits. (Reproduced Record (R.R.) at 8a.) Thereafter, on September 8, 2008, Employer issued a notice stopping temporary compensation and a notice of workers' compensation denial. (R.R. at 10a–11a.) In response, Claimant filed a claim petition on September 9, 2008, alleging that he sustained a work-related injury to his lower back. (R.R. at 14a–15a.) Employer filed an answer on September 29, 2008, denying the material allegations in Claimant's claim petition, and the matter was assigned to the WCJ.

At a hearing before the WCJ on October 22, 2008, Claimant testified in support of his claim petition. On cross-examination, Employer asked Claimant whether he was a naturalized citizen. Claimant refused to answer, asserting his privilege against self-incrimination under the Fifth Amendment to the United States Constitution. Employer then asked Claimant if he was an undocumented worker. Claimant again refused to answer, citing his privilege against self-incrimination. (R.R. at 42a–44a.)

Claimant also presented the deposition testimony of Curtis Riffle, D.C. Dr. Riffle testified that Claimant sustained "a lumbar disc herniation at the L5–S1 level with the associated radiculopathy." (R.R. at 76a.) Dr. Riffle further testified that Claimant was not capable of returning to his pre-injury job, but that Claimant was at all times capable of returning to work in a modified duty capacity. (R.R. at 76a–77a, 81a, 84a.)

In opposition, Employer presented the deposition testimony of Neil Kahanovitz, M.D. Dr. Kahanovitz agreed that Claimant sustained a lumbar disc herniation at the L5–S1 level with radiculopathy. (R.R. at 110a.) Dr. Kahanovitz also agreed that Claimant was not capable of returning to his pre-injury position, but that he was able to return to work in a modified duty capacity since the date of his work-related injury. (R.R. at 110a–13a.)

By order dated April 1, 2010, the WCJ granted Claimant's claim petition, finding that Claimant became partially disabled when he sustained a work-related injury to

his lower back on July 19, 2008. The WCJ ordered Employer to pay Claimant's reasonable and necessary medical expenses relating to the work-related injury. The WCJ, however, suspended Claimant's benefits as of July 19, 2008, based upon the finding that Claimant is an undocumented alien worker. In so finding, the WCJ drew an adverse inference from Claimant's refusal to answer Employer's questions regarding his immigration status. The WCJ stated:

> 6. I have carefully reviewed the testimony of the Claimant and find it to be credible regarding the occurrence of the work injury and the resulting symptoms and disability. However, I take an adverse inference from Claimant's refusal to answer questions regarding his citizenship status. Based upon this adverse inference I find as fact that Claimant is not a United States citizen, and that he is not authorized to work in this country.
>
> . . . .
>
> 2. Employer has met its burden to establish that Claimant was not a United States citizen, and that he was not authorized to work in this country. Accordingly, Employer is entitled to a suspension of benefits as of July 19, 2008 based upon Claimant's ability to perform modified duty work.
>
> . . . .
>
> Claimant's request for wage loss benefits is DENIED. Claimant's benefits are SUSPENDED as of July 19, 2008.

(*Id.* (citations omitted).)

Claimant appealed to the Board, which affirmed in part and reversed in part the WCJ's decision. The Board reversed the WCJ's decision to suspend Claimant's benefits as of July 19, 2008. The Board deter-mined that there is not substantial evidence in the record to support the WCJ's finding that Claimant is an undocumented alien worker, because an adverse inference, alone, is not sufficient to support a finding of fact. This appeal followed.

On appeal,[1] Employer argues that the Board erred in determining that there is not substantial evidence in the record to support the WCJ's finding that Claimant is an undocumented alien. We disagree.

 A claimant's status as an undocumented alien worker does not preclude him from receiving disability benefits under the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2708. *See Reinforced Earth Co. v. Workers' Comp. Appeal Bd. (Astudillo)*, 570 Pa. 464, 476, 810 A.2d 99, 106 (2002). Notwithstanding, where it is shown that the claimant is capable of performing some work, albeit in a modified duty capacity, the employer is entitled to a suspension of benefits by reason of the claimant's undocumented status. *Mora v. Workers' Comp. Appeal Bd. (DDP Contracting Co.)*, 845 A.2d 950, 952–54 (Pa.Cmwlth.2004). In such a situation, the employer is not required to show job availability as required under *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). *Reinforced Earth,* 570 Pa. at 479–80, 810 A.2d at 108. Because it is presumed that an undocumented alien cannot work in this country, the rationale behind this rule is that the claimant's loss of earning power is caused by his immigration status, not his work-related injury, and, therefore, it would be an exercise in futility to require the employer to show

---

1. This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704.

available work.[2] *Id.*

██ The issue in this case is not whether the WCJ erred in suspending benefits based on the finding that Claimant is an undocumented alien, but rather, whether there is substantial evidence in the record to support the WCJ's finding that Claimant is an undocumented alien in the first place.[3] Because the WCJ's finding that Claimant is an undocumented alien was based solely upon the adverse inference that the WCJ drew from Claimant's refusal to answer Employer's questions regarding his immigration status, we must determine whether that adverse inference, alone, is sufficient to support the WCJ's finding. We hold that it is not.

In *Harmon v. Mifflin County School District*, 552 Pa. 92, 99, 713 A.2d 620, 623–24 (1998), our Supreme Court explained:

[There is a] well[-]established rule in civil proceedings that a party's failure to testify can support an inference that whatever testimony he could have given would have been unfavorable to him. Our case law indicates that the inference to be drawn from a party's failure to testify *serves to corroborate the evidence produced by the opposing party.* Also, the failure to testify to facts within one's presumed knowledge permits an inference that can erase the equivocal nature of other evidence relating to a disputed fact. However, *we have never suggested that a party could satisfy its burden of proof in a civil cause solely through reliance on the defendant's failure to testify.*

(Emphasis added and citations omitted.)[4] The reason that an adverse inference can-

2. An employer who seeks a suspension of benefits based on a claimant's status as an undocumented alien is entitled only to a suspension of wage loss benefits, not medical benefits. *Mora,* 845 A.2d at 954–55.

3. Employer argues that the burden was on Claimant, in support of his claim petition, to establish that he is a documented worker. Contrary to Employer's argument, a claimant's immigration status is relevant only to determining whether an employer is entitled to a suspension, not to whether the claimant's claim petition should be granted. *See Reinforced Earth,* 810 A.2d 99; *Mora,* 845 A.2d 950. Although Claimant's claim petition was the only formal petition pending before the WCJ, the WCJ correctly treated Employer's response to Claimant's claim petition as a request for suspension. *See Hutter v. Workmen's Comp. Appeal Bd. (Pittsburgh Aluminum Co.),* 665 A.2d 554 (Pa.Cmwlth.1995); *Thomas v. Workmen's Comp. Appeal Bd. (George's Painting Contractors),* 157 Pa. Cmwlth. 207, 629 A.2d 251 (1993); *Hawkins v. Workmen's Comp. Appeal Bd. (Med. Coll. of Pa.),* 138 Pa.Cmwlth. 180, 587 A.2d 387 (1991). As it is the employer's burden in every instance to prove its entitlement to a suspension, the burden was on Employer to demonstrate Claimant's undocumented status.

4. Presuming that Claimant refused to testify before the WCJ for fear of the possibility of deportation in the future, Employer argues that Claimant did not have the right to invoke his Fifth Amendment privilege because removal proceedings before an Immigration Judge are not criminal in nature. *See United States v. Balsys,* 524 U.S. 666, 672, 118 S.Ct. 2218, 141 L.Ed.2d 575 (1998) (The privilege against self-incrimination "can be asserted in any proceeding ... in which the witness reasonably believes that the information sought, or discoverable as a result of his testimony, could be used in a subsequent state or federal criminal proceeding." (Quotations omitted.)); *Immigration & Naturalization Serv. v. Lopez–Mendoza,* 468 U.S. 1032, 1038, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984) ("A deportation proceeding is a purely civil action to determine eligibility to remain in this country, not to punish an unlawful entry."). Whether or not Claimant was entitled to invoke his Fifth Amendment privilege in this context, however, is irrelevant, because an adverse inference may be drawn where a party refuses to testify in a civil action for any reason. *See Harmon,* 713 A.2d at 623–25; *Harring,* 452 A.2d at 916.

not serve as substantial evidence to support a finding of fact is because an adverse inference does not constitute evidence, period. As this Court explained in *Harring v. Unemployment Compensation Board of Review,* 70 Pa.Cmwlth. 173, 452 A.2d 914, 916 (1982):

> [T]he inference created when a party refuses to testify is not considered evidence established by the party with the burden of proof, and therefore does not count in calculating whether a party has met its burden in introducing substantial evidence. Rather, the inference is directed to the credibility of the evidence presented by the party with the burden.

Accordingly, while the WCJ did not err in drawing an adverse inference from Claimant's refusal to testify regarding his immigration status, the WCJ did err in relying solely on that adverse inference in finding that Claimant is an undocumented alien. Without more in the record, there is insufficient evidence to support the WCJ's finding.[5]

Accordingly, we affirm the decision of the Board.

### *ORDER*

AND NOW, this 19th day of October, 2011, the order of the Workers' Compensation Appeal Board (Board), dated March 16, 2011, is hereby AFFIRMED.

---

**5.** Maintaining that an employer cannot demonstrate a claimant's immigration status in the absence of the claimant's testimony, Employer argues that the adverse inference drawn from a claimant's refusal to testify should be sufficient to satisfy the employer's burden, or, at a minimum, to shift the burden of proof onto the claimant. We reject the contention that an employer is not in a position to demonstrate a claimant's immigration status. For instance, the federal Immigration Reform and Control Act (IRCA) requires employers, at the time of hire, to verify the identity and employment authorization of employees, which must be documented by the completion of an I–9 form. *See* 8 U.S.C. § 1324a. In *Reinforced Earth,* the employer was able to establish the claimant's status as an undocumented alien worker by showing that the claimant failed to present to the employer the information the IRCA required in order to demonstrate that he was authorized to work in this country. *Reinforced Earth,* 570 Pa. at 467–69, 810 A.2d at 101–02.