# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sharon Leonard Brown, : 
              Petitioner : 
               : 
      v. :   No. 2040 C.D. 2016
               :   Submitted: July 7, 2017
Workers' Compensation Appeal : 
Board (Abington Memorial : 
Hospital), : 
              Respondent : 

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**          **FILED: November 7, 2017**

Sharon Leonard Brown (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board) that affirmed in part, reversed in part and modified a Workers' Compensation Judge's (WCJ) decision. Relevant here, the Board denied Claimant's review petition to the extent Claimant sought to add complex regional pain syndrome/reflex sympathetic dystrophy (CRPS/RSD) and chronic pain to the description of her accepted work injuries. Claimant argues the WCJ and the Board erred in failing to amend the description of the accepted work injury to include CRPS/RSD. She also asserts the Board erred in reversing the WCJ's determination that she suffers from a chronic pain condition. Upon review, we affirm.

# I. Background

Claimant worked for Abington Memorial Hospital (Employer) as a safety sitter, assisting elderly patients in various capacities. She suffered a work injury in August 2012 for which Employer issued a notice of compensation payable (NCP) recognizing a right foot contusion and a low back strain.

In June 2013, Employer filed a termination petition alleging Claimant fully recovered from her accepted work injuries. Claimant denied the material allegations.

About a month later, Claimant filed a review petition alleging the NCP's injury description should be amended to include: CRPS/RSD, right sacroiliitis, adjustment disorder with anxious and depressed mood and chronic pain syndrome. Employer denied the material allegations. The termination and review petitions were consolidated. Hearings ensued before a WCJ.

Before the WCJ, Claimant testified she worked for Employer as a safety sitter. Her job entailed sitting with elderly patients with conditions such as dementia, depression and bipolar disorder for the patients' safety. In August 2012, Claimant was sitting with a patient on suicide watch. The patient suddenly jumped up out of a large hospital recliner, and both he and the recliner fell on Claimant. The foot rest of the chair hit Claimant's right foot, as did the patient. After nurses lifted the patient off of Claimant, a nurse took Claimant to the emergency room in a wheelchair.

Claimant testified she suffers pain in her lower back across her groin and inner thighs and into her right foot. She receives treatment from Dr. Steven M.

2

Rosen, M.D. (Claimant's Physician) every three months. She also treats with a neurologist. Claimant uses crutches at all times as recommended by her physical therapist. She is unable to put a shoe on her right foot. Claimant wore a walker boot for a period, and she now wears a shoe boot with a sock to prevent irritation; however, she experiences pain when putting on a sock. Claimant tends to fall while using the crutches, but if she does not use them, the pressure causes pain in her right groin. Claimant has an implanted spinal stimulator that lessens her pain. She takes medication for pain as well as for depression. Claimant has difficulty sleeping because of her pain, and she experienced a loss of appetite. Claimant has not looked for work because her doctors have not released her to do so.

In support of her review petition and in opposition to Employer's termination petition, Claimant presented the testimony of her Physician, who is board-certified in anesthesia with added qualifications in pain management. Claimant's Physician first examined Claimant in January 2013 after a referral from a neurologist. Claimant provided her Physician with a history of the work accident. She indicated she developed increasing pain soon after the injury radiating from the right foot and ankle up through her groin and buttocks. Upon physical examination, Claimant's right foot was sensitive to light touch with pain radiating to the back and her foot was cold and damp. Claimant experienced tenderness in the right sciatic notch in the buttocks, where the sciatic nerve is most superficial. Ultimately, Claimant's Physician opined Claimant developed RSD as a result of the August 2012 work accident. He further opined Claimant was incapable of performing her pre-injury job or other gainful employment.

In addition, Claimant presented the deposition testimony of Ira H. Solomon, Ph.D. (Claimant's Psychologist), a licensed clinical psychologist. Claimant's Psychologist first evaluated Claimant in March 2013 after a referral from Claimant's Physician. Claimant's Psychologist diagnosed adjustment disorder with anxious and depressed mood, and chronic pain syndrome as a result of the August 2012 work accident. Claimant's Psychologist opined Claimant is incapable of performing gainful employment because of her mental state.

In opposition to Claimant's review petition and in support of its termination petition, Employer submitted the deposition testimony of Dr. Dennis Ivill (Employer's Physician), who is board-certified in physical medicine and rehabilitation. Based on Claimant's history, his review of Claimant's medical records and diagnostic test results, and his physical examination, Employer's Physician opined Claimant fully recovered from her accepted right foot contusion and low back sprain. He also opined Claimant does not suffer from RSD.[1] Employer's Physician further opined Claimant could return to work without restrictions, and she required no further medical treatment for her work injuries.

In addition, Employer submitted the deposition testimony of Dr. Wolfram Rieger, M.D. (Employer's Psychiatrist), who is board-certified in psychiatry. Based on his evaluation, Claimant's history, and a review of Claimant's medical records, Employer's Psychiatrist opined that Claimant did not suffer a work-related psychiatric disorder. Employer's Psychiatrist further opined Claimant fully

---

[1] Both Claimant's Physician and Employer's Physician agreed that reflex sympathetic dystrophy (RSD) is the same condition as complex regional pain syndrome (CRPS).

recovered from any adjustment disorder or depression as of the time of his evaluation.

Based on the evidence presented, the WCJ made the following determinations (with emphasis added):

12. Claimant's testimony is credible and persuasive in part. This Judge had the ability to observe Claimant's demeanor during her testimony at the … hearing. This Judge believes that Claimant has ongoing symptomatology, both physical and psychological, that is related to the work injury.

13. This Judge finds [Employer's Physician] more credible than [Claimant's Physician] on the issue of whether or not Claimant suffers from RSD and whether it is work-related. This Judge does not find that Claimant suffers from RSD. This Judge finds [Employer's Physician] more credible based upon the results of his physical examination, showing Claimant's temperature in her lower extremities to be consistent, no shiny or mottled skin, no abnormal nail growth, no edema, no sweating, and no muscle atrophy. In addition Claimant's objective test studies were normal and while many tests will not indicate RSD, the triple phase bone scan does, and is customarily relied upon for the diagnosis of this disease. Claimant's bone scan was normal. For these reasons, this Judge finds [Employer's Physician's] testimony and opinions more credible than those of [Claimant's Physician], which aren't supported by any objective test studies and whose observations on examination are in contrast to the observations by [Employer's Physician]. While Claimant does experience right foot pain, it does not rise to the level of RSD.

14. On the issue of psychological impairment arising from the work injury, [Claimant's Psychologist's] testimony is found more credible and persuasive than [Employer's Psychiatrist]. [Claimant's Psychologist's] opinions were

5

supported by his multiple evaluations of Claimant and his findings upon examination. While [Employer's Psychiatrist] attributes Claimant's psychological symptoms to her spouses' prior deaths, this Judge finds that her ongoing psychological symptoms are attributable to her work injury and her subsequent disability. Furthermore, this Judge had the opportunity to view Claimant's affect in person at the time of her testimony which supports a finding that a work-related psychological injury has been sustained.

15. In addition to the right foot contusion and low back strain listed on the NCP, Claimant sustained additional work injuries in the nature of adjustment disorder with depressed and anxious mood and chronic pain in both her right foot and lower back. Claimant remains temporarily totally disabled by reason of her physical and psychological work injuries.

WCJ's Op., 3/13/15, Findings of Fact (F.F.) Nos. 12-15.

Based on these findings, the WCJ amended the NCP to include chronic pain in the right foot and lower back as well as adjustment disorder with depressed and anxious mood. The WCJ also determined Claimant did not prove she suffered RSD as a result of the work injury. Additionally, the WCJ determined Employer did not prove Claimant fully recovered from the work injuries arising from the August 2012 work incident. Employer and Claimant filed cross appeals to the Board.

On appeal, the Board rejected Claimant's argument that the WCJ erred in failing to amend the description of the work injury to include CRPS/RSD. Specifically, the Board explained no error was apparent in the WCJ's decision to credit Employer's Physician's opinion that Claimant did not suffer from CRPS/RSD over the contrary opinion of Claimant's Physician.

6

However, the Board determined the WCJ erred in finding Claimant sustained chronic pain in her right foot and lower back. Specifically, the Board explained, the WCJ erred in amending the NCP to include chronic pain based on the testimony of Claimant's Psychologist where that testimony was based on an incorrect assumption that Claimant's CRPS/RSD was work-related. Because Claimant's Psychologist's opinion that Claimant suffers from chronic pain relied on Claimant's Physician's opinion that Claimant suffers from work-related CRPS/RSD, which the WCJ rejected, the Board determined Claimant's Psychologist's testimony was not competent to support an amendment to the NCP to include chronic pain.

In addition, the Board determined the WCJ erred in denying Employer's termination petition in its entirety. In particular, the Board concluded the uncontroverted evidence revealed Claimant fully recovered from her right foot contusion and low back strain. Thus, the Board determined the WCJ should have treated Employer's termination petition as a modification petition, and modified the NCP to reflect that Claimant fully recovered from the accepted right foot contusion and low back strain, while recognizing Claimant continues to be disabled from her psychological injury, adjustment disorder with depressed and anxious mood. See Section 413(a) of the Workers' Compensation Act (Act).[2] Before the Board, Employer did not challenge the WCJ's determination that Claimant sustained adjustment order with depressed and anxious mood or that she is temporarily and totally disabled from this work-related condition.

---

[2] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §772.

7

As a result, the Board reversed the WCJ's decision to the extent the WCJ granted Claimant's review petition to include chronic pain and to the extent the WCJ denied Employer's termination petition in its entirety. The Board modified the WCJ's decision to recognize Employer is entitled to a termination of medical benefits for the previously accepted right foot contusion and low back strain. The Board also concluded Claimant's entitlement to ongoing benefits for her work-related psychological injuries continues. This appeal by Claimant followed.

## II. Issues

On appeal,[3] Claimant argues the WCJ and the Board erred in failing to amend the description of the accepted work injury to include CRPS/RSD. She also asserts the Board erred in reversing the WCJ's determination that she suffers from a chronic pain condition.

## III. Discussion
### A. CRPS/RSD

Claimant first argues the WCJ and the Board erred in determining she did not sustain RSD as a result of the work injury. She asserts all of her treating physicians diagnosed RSD, and the objective test Employer's Physician relied on in reaching his opinion that Claimant does not suffer from CRPS/RSD is unreliable. Claimant further contends the WCJ's determination that she does not suffer from CRPS/RSD does not constitute a reasoned decision.

---

[3] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap), 81 A.3d 830 (Pa. 2013).

8

At the outset, we note, as the ultimate fact-finder in workers' compensation cases, the WCJ "has exclusive province over questions of credibility and evidentiary weight …." A & J Builders, Inc. v. Workers' Comp. Appeal Bd. (Verdi), 78 A.3d 1233, 1238 (Pa. Cmwlth. 2013). The WCJ may accept or reject the testimony of any witness in whole or in part. Id.

Further, "[i]t is irrelevant whether the record contains evidence to support findings other than those made by the WCJ; the critical inquiry is whether there is evidence to support the findings actually made." Furnari v. Workers' Comp. Appeal Bd. (Temple Inland), 90 A.3d 53, 60 (Pa. Cmwlth. 2014) (citation omitted). We examine the entire record to see if it contains evidence a reasonable person might find sufficient to support the WCJ's findings. Id. If the record contains such evidence, the findings must be upheld, even though the record may contain conflicting evidence. Id. Additionally, we must view the evidence in the light most favorable to the prevailing party and give it the benefit of all inferences reasonably deduced from the evidence. Id.

In addition, to satisfy the reasoned decision requirements of Section 422(a) of the Act, 77 P.S. §834, a WCJ must set forth the rationale for the decision by specifying the evidence relied upon and reasons for accepting it. Daniels v. Workers' Comp. Appeal Bd. (Tristate Transp.), 828 A.2d 1043 (Pa. 2003); Dorsey v. Workers' Comp. Appeal Bd. (Crossing Constr. Co.), 893 A.2d 191 (Pa. Cmwlth. 2006). When conflicting evidence is presented, the WCJ must adequately explain the reasons for rejecting or discrediting competent evidence. Daniels. "[T]he purpose of a reasoned decision is to spare the reviewing court from having to

9

imagine why the WCJ believed one witness over another." Dorsey, 893 A.2d at 196 (citation omitted).

A WCJ may base a credibility determination solely on a witness's demeanor when the witness testifies live before the WCJ. Daniels. However, "[w]here medical experts testify by deposition, a WCJ's resolution of conflicting evidence must be supported by more than a statement that one expert is deemed more credible than another." Dorsey, 893 A.2d 194. To allow effective appellate review, the WCJ must articulate an objective basis for the credibility determination. Id. at 194-95. Although there are countless objective factors that may support a credibility determination, these factors must be identified and enunciated. Id.

Nevertheless, "Section 422(a) does not permit a party to challenge or second-guess the WCJ's reasons for credibility determinations." Id. at 195. "Unless made arbitrarily or capriciously, a WCJ's credibility determinations will be upheld on appeal." Id.

In addition, under Section 413(a) of the Act, a WCJ may amend an NCP at any time during litigation of any petition if the evidence shows the injury sustained in the original work incident is different or more expansive than that listed in the NCP.[4] Harrison v. Workers' Comp. Appeal Bd. (Auto Truck Transp. Corp.), 78 A.3d 699, 704 (Pa. Cmwlth. 2013) (citing Cinram Mfg., Inc. v. Workers' Comp. Appeal Bd. (Hill), 975 A.2d 577, 580-81 (Pa. 2009)). This is known as a "corrective amendment." Id. Additionally, the NCP can be amended if the claimant files a

---

[4] Section 413(a) states, in relevant part: "A [WCJ] may, at any time, review and modify or set aside a [NCP] and an original or supplemental agreement ... if it be proved that such [NCP] or agreement was in any material respect incorrect." 77 P.S. §771.

review petition and proves that another injury subsequently arose as a consequence of the original injury. Id. The party seeking to amend the NCP has the burden of proving the NCP is materially incorrect. Id. (citing Namani v. Workers' Comp. Appeal Bd. (A. Duie Pyle), 32 A.3d 850 (Pa. Cmwlth. 2011)).

Further, the causal connection between the work injury and the alleged disability, if not obvious, must be established by unequivocal medical testimony. Haynes v. Workers' Comp. Appeal Bd. (City of Chester), 833 A.2d 1186 (Pa. Cmwlth. 2003). "The causal connection between RSD and [a] [c]laimant's work-related injury is not obvious, like falling down and breaking a leg for example, but instead RSD is a syndrome that needs to be medically diagnosed and related back to the injury." Krepps v. Workers' Comp. Appeal Bd. (HCR Manor Care, Inc.) (Pa. Cmwlth., No. 2158 C.D. 2008, filed April 8, 2009), slip op. at 12, 2009 WL 9100375 at *5 (unreported).

Here, in determining Claimant did not prove she suffered from CRPS/RSD so as to warrant amendment of the NCP to add that condition, the WCJ credited the testimony of Employer's Physician over that of Claimant's Physician. F.F. No. 13. The WCJ based this determination on: (1) the results of Employer's Physician's physical examination, which showed Claimant's temperature in her lower extremities to be consistent, no shiny or mottled skin, no abnormal nail growth, no edema, no sweating, and no muscle atrophy; and, (2) the fact that Claimant's objective test studies, including a bone scan, were normal. Id. The WCJ further explained that Claimant's Physician's opinions that Claimant suffers CRPS/RSD were not supported by any objective test studies, and Claimant's

11

Physician's observations on examination conflicted with Employer's Physician's observations. Id. Thus, the WCJ determined, although Claimant experiences right foot pain, it does not rise to the level of RSD. Id.

The WCJ's determinations are adequately supported by the record. See Dep. of Dennis Ivill, M.D., 9/30/13, Notes of Testimony (N.T.), at 16-17, 21-22, 25-29; Reproduced Record (R.R.) at 182A-83A, 184A, 185A-86A; see also Dep. of Steven M. Rosen, M.D., 2/20/14, N.T., at 33-34, 61-62; R.R. at 113A-14A, 141A-42A. Because the record amply supports the WCJ's bases for his credibility determinations, we cannot disturb them. Further, the WCJ's objective bases for crediting Employer's Physician's testimony that Claimant does not suffer CRPS/RSD as a result of her work injuries over the contrary testimony of Claimant's Physician satisfies the reasoned decision requirement of Section 422(a) of the Act.

In addition, although Claimant points to the fact that her other treating physicians diagnosed CRPS/RSD, Claimant did not present the testimony of any of these other physicians. Thus, as the Board explained (with emphasis added):

> While Claimant contends that all of her treating doctors diagnosed RSD, Claimant chose to present [her Physician] on this issue and the WCJ chose to accept [Employer's Physician's] opinion over [Claimant's Physician's] opinion, as was within her purview as fact-finder. Claimant attacks the WCJ's reliance on [Employer's Physician] because he agreed there is no gold standard test for RSD, that bone scans may or may not be positive depending on the stage, and that Claimant's normal bone scan was done only months after her work injury. However, [Employer's Physician] also testified that the diagnosis of RSD is often based on history and physical examination and he consistently stated that he found no objective evidence of RSD on physical examination as Claimant had normal hair and nail growth, normal

temperatures, etc. He also noted that the fact that Claimant's sympathetic blocks made her pain worse argues against the diagnosis. [Employer's Physician's] did not recant his opinion that Claimant did not sustain RSD, at any time, in any respect. Given the testimony and the WCJ's complete explanation, we cannot agree that the WCJ's acceptance of [Employer's Physician's] opinion was erroneous. Rendering credibility determinations is the quintessential function of the fact-finder, and in reviewing credibility determinations, substantial deference is due.

Bd. Op., 11/21/16, at 10-11 (citations omitted). We discern no error in this analysis. Therefore, we reject Claimant's argument that the WCJ erred in failing to amend the NCP to include CRPS/RSD.

**B. Chronic Pain**

Claimant next argues the Board erred in determining that the WCJ's finding that Claimant suffers chronic pain in her right foot and lower back was not supported by substantial, competent evidence. At a minimum, Claimant contends, the Board should have remanded to the WCJ for a reasoned decision. To that end, Claimant argues, it is clear from the WCJ's findings and conclusions that the WCJ determined Claimant continues to suffer physical *and* psychological injuries. However, the Board's decision left Claimant with only psychological injuries. As such, Claimant maintains a remand for further proceedings or clarification as to the physical injuries was required.

13

"While an expert witness may base his opinion on facts of which he has no personal knowledge, those facts must be supported by evidence of record." Newcomer v. Workmen's Comp. Appeal Bd. (Ward Trucking Corp.), 692 A.2d 1062, 1066 (Pa. 1997). Additionally, "the supposed facts forming the basis of [the] determination must be proven by competent evidence and accepted as true by the [WCJ]." Somerset Welding & Steel v. Workmen's Comp. Appeal Bd. (Lee), 650 A.2d 114 (Pa. Cmwlth. 1994). An opinion of a medical expert that relies solely on inaccurate facts is incompetent as a matter of law. Casne v. Workers' Comp. Appeal Bd. (Stat Couriers, Inc.), 962 A.2d 14 (Pa. Cmwlth. 2008).

Here, the WCJ determined Claimant suffers chronic pain in her right foot and lower back. Although Claimant's Psychologist diagnosed chronic pain syndrome, in arriving at this diagnosis, Claimant's Psychologist testified, "[t]o qualify for chronic pain syndrome[5] one needs to have a physiological disorder of a chronic nature. In this case we are relying upon the basis of chronic regional pain syndrome [(CRPS)] or reflex sympathetic dystrophy [(RSD)] being present ...." Dep. of Ira H. Solomon, Ph.D., 12/16/13, N.T. at 17; R.R. at 33A (emphasis added); see also Solomon Dep. at 19; R.R. at 35A. As explained above, however, the WCJ rejected Claimant's Physician's opinion that Claimant suffers from CRPS/RSD. F.F. No. 13. Because Claimant's Psychologist relied on a diagnosis of work-related CRPS/RSD in forming his opinion as to the existence of chronic pain syndrome and its cause, his testimony was not competent to satisfy Claimant's burden of proving

_____

[5] Although the WCJ found the work injury to include "chronic pain in [Claimant's] right foot and lower back," WCJ's Op., 3/13/15, Finding of Fact No. 15, Claimant's Psychologist testified as to a diagnosis of "chronic pain syndrome." Dep. of Ira H. Solomon, Ph.D., 12/16/13, Notes of Testimony (N.T.), at 17, 19; Reproduced Record (R.R.) at 33A, 35A.

14

she suffered from chronic pain as found by the WCJ. See, e.g., Hawkins v. Workmen's Comp. Appeal Bd. (Med. College of Pa.), 587 A.2d 387 (Pa. Cmwlth. 1991) (expert medical opinion that is contrary to established facts is valueless). Thus, the Board properly determined the WCJ erred in amending the NCP to include chronic pain, and, contrary to Claimant's assertions, a remand is unnecessary on this issue.[6]

For these reasons, we affirm the Board's order.[7]

_____
ROBERT SIMPSON, Judge

---

[6] Further, while Claimant asserts that the logical conclusion to be drawn from the record is that Claimant's chronic pain in her right foot and lower back are both psychiatric *and* physical in nature, we cannot "draw medical conclusions in the absence of a medical opinion supporting such a conclusion." Bd. Op., 11/21/16, at 12 n.4. As the Board properly explained, Claimant's Physician did not diagnose chronic pain or chronic pain syndrome; rather, he diagnosed CRPS/RSD. The diagnosis of chronic pain syndrome was raised in the context of Claimant's Psychologist's testimony as to Claimant's work-related psychological conditions.

[7] In the Statement of Questions Involved Section of her brief, Claimant also asks "Whether the WCJ properly denied Employer's termination petition?" However, Claimant presents no argument on this issue. Therefore, it is waived. Pa. State Univ. v. Workers' Comp. Appeal Bd. (Sox), 83 A.3d 1081 (Pa. Cmwlth. 2013) (failure to properly develop issue in brief results in waiver). In any event, even if not waived, no error is apparent in the Board's determination that Employer was entitled to a termination of benefits as to Claimant's right foot contusion and lower back strain. Indeed, Claimant's Physician himself acknowledged that these injuries fully resolved. Dep. of Steven M. Rosen, M.D., 2/20/14, N.T. at 33; R.R. at 113A.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sharon Leonard Brown,                          :
                          Petitioner          :
                                              :
          v.                                  :     No. 2040 C.D. 2016
                                              :     Submitted: July 7, 2017
Workers' Compensation Appeal                  :
Board (Abington Memorial                      :
Hospital),                                    :
                          Respondent          :

# **O R D E R**

AND NOW, this 7th day of November, 2017, the order of the Workers'

Compensation Appeal Board is AFFIRMED.

_____
ROBERT SIMPSON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sharon Leonard Brown,                    :
                                         :
                        Petitioner       :
                                         :
            v.                           : No. 2040 C.D. 2016
                                         : Submitted: July 7, 2017
Workers' Compensation Appeal             :
Board (Abington Memorial                 :
Hospital),                               :
                                         :
                        Respondent       :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

DISSENTING OPINION
BY JUDGE WOJCIK                              FILED:  November 7, 2017


            Respectfully, I disagree that the workers' compensation judge (WCJ) erred in amending the description of the work injury to include chronic pain and denying the termination petition filed by Abington Memorial Hospital (Employer). Accordingly, I would reverse.

            Employer filed a termination petition alleging that Sharon Leonard Brown (Claimant) was fully recovered from her accepted work injuries as of April 12, 2013.  Claimant filed a review petition seeking to amend the description of the work injury to include complex regional pain syndrome/reflex sympathetic dystrophy (CRPS or RSD); right sacroiliitis;[1] adjustment disorder with anxious and

_____

[1] Inflammation of the sacroiliac joint. *Stedman's Medical Dictionary* 1377 (25th ed. 1990).

depressed mood; and chronic pain syndrome. The WCJ denied Employer's termination petition and granted Claimant's review petition in part.

In doing so, the WCJ found the testimony of Claimant and her treating psychologist, Ira H. Solomon, Ph.D. to be credible and relied on their testimony to add right foot chronic pain, lower back chronic pain, and adjustment disorder with depressed and anxious mood to the description of the work injury. The WCJ also credited the opinion of Employer's medical expert "on the issue of whether or not Claimant suffers from RSD." WCJ's Finding of Fact No. 13. The WCJ specifically found that, "[w]hile Claimant does experience right foot pain, it does not rise to the level of RSD." WCJ's Finding of Fact No, 13.

Accordingly, the WCJ granted Claimant's review petition in part, adding adjustment disorder with depressed and anxious mood and injuries of "right chronic foot pain and lower back chronic pain" to the Notice of Compensation Payable (NCP), but denying her request to add RSD to the description of the work injury. WCJ's Conclusions of Law No. 2. Having found "that Claimant has ongoing symptomatology, both physical and psychological, that is related to the work injury," WCJ's Finding of Fact No 12, the WCJ denied Employer's termination petition.

On appeal to the Board, Employer did not challenge the finding that "Claimant sustained adjustment disorder with anxious and depressed mood or that this injury is disabling." (Employer's brief at 9 n.2). However, Employer argued that the WCJ erred in finding that Claimant sustained chronic pain as the result of the work injury and challenged the WCJ's denial of the termination petition as it relates to the previously accepted injuries.

The Board reversed the WCJ's determination that Claimant suffers from chronic pain, opining that "the WCJ's determination in this respect is

inconsistent." Board's op. at 11. The Board noted a distinction between Dr. Solomon's testimony regarding a diagnosis of "chronic pain syndrome," *id.* n.3, and the WCJ's finding of "chronic pain in both her right foot and lower back." In fact, the Board recognized that "[t]he diagnosis of chronic pain syndrome was raised in the context of Dr. Solomon's testimony as to his opinion of Claimant's work-related *psychological* conditions." (Board op. at 12 n.4 (emphasis added)). Nevertheless, the Board reasoned that because Dr. Solomon's diagnosis of "chronic pain syndrome" was directly related to a medical diagnosis of CRPS/RSD, and the diagnosis of CPRS/RSD had been rejected by the WCJ, Dr. Solomon's testimony was insufficient to support the WCJ's finding that Claimant suffers from chronic pain.

The first flaw in the Board's reasoning is its assumption that the only evidence supporting the WCJ's finding of chronic pain was rejected by the WCJ. Claimant provided detailed testimony concerning her ongoing pain, which was credited and relied upon by the WCJ. WCJ's Findings of Fact, Nos. 4, 12. Specifically, Claimant testified that she "has pain in her lower back across the groin and inner thighs, down into the right foot. . . . [I]t hurts to put on [a] sock. . . . [and she] has difficulty sleeping at night due to pain . . . ." (WCJ's Finding of Fact No. 4(c), (d)).

Notably, whereas the WCJ added "chronic pain" to the work injuries, the Board deliberately added the word "syndrome" to the WCJ's determination. Board's op. at 11. The Majority affirms the Board's conclusion that the WCJ erred in including "this diagnosis in the amendment of the NCP." (Board's op. at 12.)

On appeal, Claimant argues that the Board "blatantly disregarded the intent of the WCJ in finding both a physical and psychological injury" when it

altered the WCJ's Conclusions of Law. (Claimant's brief at 30). I agree. Claimant also challenges the WCJ's credibility determinations with respect to the medical opinion testimony. However, the WCJ explicitly rejected the medical testimony offered to support a diagnosis of CRPS or RSD and those credibility determinations are not subject to appellate review. Accordingly, the ultimate question on appeal is whether a WCJ's amendment of an NCP to include *chronic pain* can be sustained without a medical diagnosis. We have repeatedly held that it can be.

In *Meadow Lakes Apartments v. Workers' Compensation Appeal Board (Spencer)*, 894 A.2d 214 (Pa. Cmwlth. 2006), the claimant filed a review petition seeking to expand the description of the injuries accepted by the employer in the NCP. The WCJ found the claimant's testimony credible that he had symptoms of pain from the initial injury. However, the WCJ also noted that, while the testimony of the claimant's doctor supported the claimant's testimony, the doctor never provided a medical diagnosis. Consequently, the WCJ concluded that the claimant had not met his burden of proof on the review petition. On appeal, the Board reversed and amended the NCP to include "overuse syndrome."

On appeal, we noted that *pain itself* that is causally related to the employment is compensable under the Workers' Compensation Act[2].

> [W]e are aware of no authority that requires a workers' compensation injury to carry a professional diagnosis or descriptive tag. As discussed hereafter, pain itself, if causally related to employment, may be compensable under the Act as an injury. The presence of a diagnosis may impact the credibility of testimony addressing the existence of pain or its relationship to employment, but it is not a legal precondition. The WCJ fell into error when he concluded otherwise.

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2708.

*Id.* at 217. In so holding, we relied on *Campbell v. Workers' Compensation Appeal Board (Antietam Valley Animal Hospital)*, 705 A.2d 503 (Pa. Cmwlth. 1998).[3]

> [In *Campbell*, the] only evidence to support the claimant's review petition was her own testimony about the pain. No physician offered a diagnosis, and her condition was not labeled further. Because the fact-finder accepted the claimant's testimony about pain, this Court permitted the expansion of the injury as requested.
>
> *Campbell* controls here. As in *Campbell*, testimony of pain was accepted by the fact-finder. As in *Campbell*, no medical diagnosis for the pain was offered. As in *Campbell*, the condition was causally related to the accepted work injury. As in *Campbell*, this evidence is sufficient as a matter of law to justify expansion of the injury.

*Meadow Lakes Apartments*, 894 A.2d at 218.[4] As in *Meadow Lakes Apartments*, and as in *Campbell*, the factfinder in this case accepted Claimant's testimony that she continued to have pain related to the work injury.

---

[3] The claimant in *Campbell* was a veterinary assistant who suffered a cat bite on her thumb, underwent a course of rabies shots, and became acutely ill immediately thereafter. Her employer issued an NCP recognizing the injury as a bite to her thumb. The employer subsequently filed a termination petition, alleging that the claimant's ongoing disability was unrelated to her work injury. The claimant filed a review petition seeking to revise the description of the injury to include "persistent diffuse joint and soft tissue pain and weakness secondary to … rabies shots." *Id.* at 504. The WCJ credited the claimant's testimony and granted the review petition. The Board reversed, but on appeal, we held that the WCJ properly exercised his discretion to credit the claimant's testimony regarding the continuing pain that prevented her return to work.

[4] We have consistently applied this analysis to reach similar results. *See e.g.*, *Alan H. Butz, Inc. v. Workers' Compensation Appeal Board (Wesnak)* (Pa. Cmwlth., No. 1682 C.D. 2016, filed May 12, 2017) (a claimant's testimony of pain, credited by the factfinder, may be sufficient as a matter of law to justify expansion of a work injury); *Sharma v. Workers' Compensation Appeal Board (Wawa)* (Pa. Cmwlth., No. 1977 C.D. 2013, filed May 9, 2014) (review petition was properly granted; medical testimony does not have to conclusively state a diagnosis to support findings regarding additional symptoms); *Haught v. Workers' Compensation Appeal Board (UGI Amerigas HVAC)* (Pa. Cmwlth. No. 1369 C.D. 2010, filed December 10, 2010) (based on the

In *Meadow Lakes Apartments*, we also criticized the Board for amending the NCP to include "*overuse syndrome* of the left knee, right hip and low back." *Id.* at 219 (emphasis added). We explained that while "this [was] a fair inference from the accepted medical testimony, it is not the Board's function to draw inferences or otherwise find facts." *Id.* However, we held that it was proper to amend the NCP to include the conditions specifically found by the WCJ to be causally related to the work injury, to wit, *pain* in the left knee, low back, and hip area, and we modified the Board's order accordingly.

Similarly, here the Board modified the WCJ's findings of fact from chronic pain to *chronic pain syndrome,* and then it determined that no support for this diagnosis exists in the record. As noted in *Meadow Lakes Apartments*, the Board exceeded its authority in doing so.

Consistent with these prior decisions, I would hold that the WCJ's decision to amend the description of the work injury to include chronic pain in Claimant's right foot and lower back is supported by the record and that the Board erred in reversing the WCJ's decision in this regard.

Accordingly, I would reverse.[5]

---

claimant's credible testimony, right shoulder pain that was devoid of a specific diagnosis was added to the NCP).

[5] Upholding the WCJ's decision amending the NCP necessarily affirms the denial of Employer's termination petition. It is worth noting however, that the Board exceeded its authority and reweighed the evidence to terminate medical benefits payable for the accepted work injuries. In her findings of fact addressing witness credibility, the WCJ specifically credited Employer's medical expert on one issue only, whether Claimant's pain supported a diagnosis of RSD; the WCJ *did not address*, let alone credit, his opinion that Claimant had fully recovered from the work injury.

_____

MICHAEL H. WOJCIK, Judge